IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL WILLIAMS, # 179642,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. 2:12cv5-TMH |
| ) | (WO) |
| LEON FORNISS, *et al.*,  ) | |
| ) | |
| Respondents.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief filed by state inmate Darrell Williams ("Williams").[1] Doc. No. 1. Williams challenges his conviction for first-degree robbery and his resulting 20-year sentence imposed by the Circuit Court of Baldwin County, Alabama, in October 1994. He indicates that he is currently incarcerated under that judgment. *See* Doc. No. 1 at 3 & 6-7.

**DISCUSSION**

Williams purports to file his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Doc. No. 1 at 1. However, he is challenging the judgment of a state court (i.e., his conviction and sentence) that is the basis of his current incarceration, and such a challenge

---

[1] Although the petition was date-stamped "received" in this court on January 4, 2012, Williams represents that he placed it in the prison mailing system on December 25, 2011. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271- 72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

must proceed under 28 U.S.C. § 2254.[2] *See* 28 U.S.C. §§ 2254(a) and (b). This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). By his petition, Williams challenges the conviction entered against him in October 1994 by the Circuit Court of Baldwin County, Alabama. Baldwin County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. This court therefore concludes that the transfer of this case to such other court for hearing and determination is appropriate.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before January 26, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.

---

[2] For a discussion of the distinction between habeas corpus relief under § 2254 and habeas corpus relief under § 2241, see *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 503-04 (1973) (Rehnquist, J. dissenting); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3rd Cir. 1975).

[3] A decision on Williams's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Southern District of Alabama.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE